## William A. ROSS v. UNITED STATES.
### No. 6232.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

S. J. Rhodes and Louis Tucker, both of Detroit, Mich., for appellant.

Wm. G. Comb, Asst. U. S. Atty., of Detroit, Mich.

### PER CURIAM.

Docketed and dismissed pursuant to motion of counsel for appellee.

## William E. ROY, Appellant, v. Dave PRICE, Jailor of the City of Charleston, West Virginia, and John P. Hallanan, United States Marshal for the Southern District of West Virginia, Appellees.
### No. 3303.

Circuit Court of Appeals, Fourth Circuit.
June 21, 1932.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

James Damron, U. S. Atty., of Huntington, W. Va., for appellees.

### PER CURIAM.

Case dismissed on motion of appellant.

## SCHOOL DISTRICT NO. 22, OSAGE COUNTY, Oklahoma, a Municipal Corporation, and C. F. Foss, Appellants, v. Paul P. PRUDDEN; Harry L. Hutchinson, Albert C. Mittendorf, a Copartnership Doing Business under the Firm Name and Style of Prudden & Company, Appellees.
### No. 599.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1932.

F. E. Riddle, of Tulsa, Okl. (M. L. Holcombe and Clarence Lohman, both of Pawhuska, Okl., and H. M. Curnutt, of Barnsdall, Okl., on the brief), for appellants.

Eugene Jordan, of Oklahoma City, Okl. (S. W. Hayes, D. A. Richardson, K. W. Shartel, and A. W. Gilliland, all of Oklahoma City, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

### PER CURIAM.

Appellees, the owners of certain funding bonds and interest coupons attached thereto issued by school district No. 22, Osage county, Okl., brought this suit against such school district, the board of directors of such district, and certain officers of Osage county to secure an injunction enjoining such district and officials from failing and refusing to pay the maturing interest coupons on such bonds, from diverting to other purposes funds in the sinking fund created to pay the principal and interest on such bonds, from refusing to make an itemized statement of the estimated needs of such district for sinking fund purposes to pay such bonds and interest coupons, and from refusing to make an appropriation for such sinking fund purposes, and a decree establishing the validity of such bonds and appellants' title thereto.

All of the legal questions here presented, except the construction of the stipulation hereinafter adverted to, were fully considered and decided adversely to the contentions of appellants in Board of Education of Town of Carmen, Okl., v. James (C. C. A. 10) 49 F.(2d) 91.

Counsel for appellants undertake to avoid the effect of that decision by the contention that the stipulation of facts filed in this cause admits that the funding bond judgment is void on its face. We have carefully considered this stipulation, and are of the opinion that it is not subject to that construction.

The decree is affirmed.